UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-6756-Valle

UNITED STATES OF AMERICA

v.

STEVENSON CHARLES, YUSUF MINOR,
AND NAOD YOHANNES,

Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ Lindsey Maultasch
Lindsey Maultasch
Assistant United States Attorney
Court ID No. A5502705
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9115
Lindsey.Maultasch@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. )
)
) Case No.  25-mj-6756-Valle
STEVENSON CHARLES, YUSUF MINOR, )
AND NAOD YOHANNES, )
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 22, 2025__ in the county of __Miami-Dade and Broward__ in the __Southern__ District of __Southern__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1201 | Kidnapping |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Conor S. Goepel, Special Agent, FBI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/23/25

_____
Judge's signature

City and state: Fort Lauderdale, Florida

Honorable Alicia O. Valle, United States Magistrate
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Conor S. Goepel, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Federal Bureau of Investigation ("FBI") currently assigned to the Violent Crimes and Fugitive Task Force of the FBI's Miami Division. I have been an FBI Special Agent since September 2021 and have been assigned to the Miami Division since February 2022. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, federal offenses. My duties involve investigating various violations of federal offenses, including, but not limited to, bank robberies, Hobbs Act robberies, kidnapping, murder for hire, firearms violations, and carjacking.

2. I am currently a member of the South Florida Violent Crime Task Force. As part of my professional duties and responsibilities, I have become familiar with the investigative methods and enforcement of violent crimes pertaining to state and federal laws. I have also become versed in methodologies and practices employed by individuals and groups who commit violent crimes.

3. I submit this affidavit in support of a criminal complaint charging Stevenson Charles ("CHARLES"), Yusuf Minor ("MINOR"), and Naod Yohannes ("YOHANNES") with Kidnapping, in violation of Title 18, United States Code, Sections 1201 and 2.

4. The statements contained in this affidavit are based upon my own personal knowledge as well as information provided by other individuals, including other law enforcement officials, and my review of records obtained during the course of this investigation. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts

1

and circumstances sufficient to establish probable cause for the issuance of the requested complaint.

### PROBABLE CAUSE

5. On or about December 22, 2025, in the early morning hours, the exact time being unknown to law enforcement, correctional officers in the DeKalb County Jail, located in Decatur, Georgia, discovered that three inmates had escaped sometime during the evening and early morning hours. The three inmates were identified as CHARLES, MINOR, and YOHANNES (collectively referred to as the "Inmates" or the "Defendants"). The identities of the Inmates were disseminated throughout law enforcement and later, the public.

6. Continuing on December 22, 2025, Deputies with the United States Marshals Service ("USMS") notified FBI Miami's Violent Crime and Fugitive Task Force that the three escaped inmates may have done so by using a rideshare service vehicle. The USMS provided the make, model, license plate, and description of the vehicle that law enforcement believed the inmates to be travelling in (the "VICTIM VEHICLE"). Law enforcement learned that the VICTIM VEHICLE's driver, hereinafter referred to as the "Victim," was unresponsive to several attempted contacts.

7. Shortly thereafter, law enforcement learned that license plate readers ("LPRs") in Broward and Miami-Dade County had hits for the VICTIM VEHICLE. Law enforcement responded to the area of the LPR hits and began conducting surveillance. While conducting surveillance, law enforcement received information that the three escaped inmates may be staying at a nearby short-term rental residence located in Miramar, Florida (the "rental residence"). Law enforcement subsequently confirmed that the Victim's credit card had been used to purchase a short-term rental.

8. While conducting surveillance, law enforcement observed the VICTIM VEHICLE being driven by a subject matching CHARLES' description. Law enforcement also observed a passenger in the VICTIM VEHICLE that did not appear to be the Victim, whom law enforcement had determined was the registered owner. Law enforcement continued to surveil the VICTIM VEHICLE.

9. When it became apparent to law enforcement that the occupants of the VICTIM VEHICLE were aware of law enforcement's presence, law enforcement attempted to conduct a felony vehicle stop; however, the driver of the VICTIM VEHICLE attempted to flee from law enforcement. The VICTIM VEHICLE eventually came to a stop and the driver of the VICTIM VEHICLE bailed out of the VICTIM VEHICLE and fled on foot. The driver of the VICTIM VEHICLE was later identified as CHARLES. After a foot chase with law enforcement, CHARLES was apprehended. The passenger, who was later identified as YOHANNES, was apprehended near the VICTIM VEHICLE. Law enforcement located bank cards belonging to the Victim on both CHARLES' and YOHANNES' person at the time of their arrest. Law enforcement also located a loaded 9mm handgun along the path that CHARLES ran as he fled on foot.

10. Law enforcement searched the VICTIM VEHICLE based on the exigent circumstances, but did not locate the Victim, who remained unaccounted for. Law enforcement went back to the rental residence in an effort to locate the Victim. After several attempted contacts with the Victim at the rental residence, law enforcement observed and identified the third and final outstanding inmate, MINOR, through an open window. Law enforcement instructed MINOR to exit the rental residence. However, the Victim exited the rental residence instead. MINOR surrendered to law enforcement shortly thereafter.

11. The Victim was taken to a safe place and checked by emergency medical services. Law enforcement subsequently interviewed the Victim in an audio recorded interview. During the interview, the Victim stated the following:

12. On or about December 22, 2025, in the early morning hours, the Victim, who is rideshare driver, accepted a ride request from a user whose name was listed as a female's name. The Victim accepted the ride request while in the Atlanta, Georgia area. Upon arrival at the pickup location, the Victim encountered three males instead of the assigned user who had requested the ride. The Victim recalled feeling uneasy, but continued with the ride, and drove the three males to their destination.

13. Upon arrival at the destination, the Victim unlocked the doors for the three males to depart the vehicle. Instead, however, one of the males wrapped a rope around the Victim's neck from behind and the Victim struggled to save her life. The Victim's hands were then bound together at the wrist and the Victim was dragged into the backseat of the vehicle. The Victim was instructed to keep their head down and eyes closed. The Victim was told repeatedly not to struggle, or that they would be killed. The Victim told law enforcement that they were continuously threatened by the males and told they would be shot if they did not comply with the males' demands. The Victim stated that they complied with the males' demands because they feared for their life.

14. The Victim estimated being detained within the VICTIM VEHICLE for around six to ten hours. At some point, the Victim became aware that the males were attempting to gain access to the Victim's phone and online banking information. The males made the Victim transfer money from their savings accounts to the Victim's debit cards. At some point, the Victim also became aware that the three males were likely escaped inmates, based on their conversations.

15. Upon arrival in Florida, the three males used the Victim's stolen bank cards at several locations. Sometime after crossing into Florida, the Victim attempted to escape, and one of the males assaulted the Victim. Subsequently, the Victim experienced increased threats of being shot, raped, and tortured.

16. Based off the facts and circumstances, combined with your Affiant's training and experience, there is probable cause to believe that the Victim was kidnapped by the CHARLES, MINOR, and YOHANNES. CHARLES, MINOR, and YOHANNES's actions affected interstate and/or foreign commerce during the kidnapping by using the Victim's banking system and bank cards. CHARLES, MINOR, and YOHANNES's actions further affected interstate and/or foreign commerce by crossing state lines with a kidnapped victim. There is also probable cause to believe that CHARLES, MINOR, and YOHANNES caused the Victim to fear for their life or serious physical injury based on the credible threats described herein and the use of force against the Victim. Further, there is probable cause to believe that a firearm was used in furtherance of a violent crime, based on the discovery of the firearm along the path CHARLES took while fleeing law enforcement.

17. The firearm recovered from CHARLES was a Smith & Wesson, M&P 9 Shield, 9mm handgun manufactured by Smith & Wesson, which is a firearms company located in Maryville, Tennessee. Additionally, the recovered firearm contained approximately twelve (12) live rounds of 9mm ammunition.

[THIS SPACE IS INTENTIONALLY BLANK]

## CONCLUSION

18. Based on the foregoing facts and information, I respectfully submit that there is probable cause to believe that CHARLES, MINOR, and YOHANNES committed Kidnapping, in violation of Title 18, United States Code, Sections 1201 and 2.

**FURTHER AFFIANT SAYETH NAUGHT.**

CONOR S. GOEPEL
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me on this 23rd day of December 2025, in Miami, Florida.

HONORABLE ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE